IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JANE GRAFF,

      Plaintiff,                      No. CIV S-06-736 KJM

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

      Defendant.                  ORDER

                                    /

I. Factual and Procedural Background

        Plaintiff's social security disability benefits commenced on February 1, 1996. Plaintiff returned to work in September 1996 and completed a trial work period in June 1997. In a decision dated May 20, 2005, the ALJ found plaintiff was overpaid $69,136.02 for the months between January 1998 and February 2004; plaintiff was without fault in causing and accepting the portion of the overpayment paid between January 1998 and January 2000 and recovery of that portion would defeat the purpose of the Social Security Act; waiver of recovery of that portion is granted; plaintiff was at fault in causing and accepting that portion of the overpayment paid

/////

between February 2000 and February 2004 and waiver of recovery of that portion cannot be granted.  Administrative Transcript ("AT") 19-20.

II.  Standard of Review

The Commissioner's refusal to waive recovery of disability payments must be based on proper legal standards and supported by substantial evidence.  Albalos v. Sullivan, 907 F.2d 871, 873 (9th Cir. 1990); Harrison v. Heckler, 746 F.2d 480, 481 (9th Cir. 1984); 42 U.S.C. § 405(g).  The Commissioner must recover overpayments unless the recipient was (1) "without fault," and (2) recovery would either (a) defeat the purpose of Title II of the Act or (b) be against equity and good conscience.  42  U.S.C. § 404(b); see 20 C.F.R. § 404.506.  Only if an individual is "without fault" does the Commissioner consider whether to waive recovery.

The burden is on the recipient to show she is without fault.  See Anderson v. Sullivan, 914 F.2d 1121, 1122 (9th Cir. 1990); Harrison, 746 F.2d at 482.  This court reviews the Commissioner's denial of a waiver request to determine if the proper legal standard was applied and if the denial is supported by substantial evidence.  Albalos, 907 F.2d at 873; Harrison, 746 F.2d at 481; 42 U.S.C. § 405(g).

Plaintiff does not contest the proof of overpayment but contends substantial evidence does not support the finding she was at fault in causing and accepting that portion of the overpayment paid between February 2000 and February 2004.  Plaintiff points primarily to the lengthy delay after she was notified there might be an overpayment problem and before she was notified there was an actual overpayment subject to recovery.

III.  Analysis

When an overpayment occurs, the Act requires the Commissioner to recover the overpayment unless the recipient was (1) without fault in receiving the overpayment, and (2) recovery would either defeat the purpose of Title II of the Act or be against equity and good conscience.  42 U.S.C. § 404(b); 20 C.F.R. § 404.506.  Fault is found if the recipient failed to furnish information she knew or should have known to be material, or accepted a payment she

either knew or could have been expected to know was incorrect.  20 C.F.R. § 404.507.  All the circumstances, including the recipient's age, intelligence, education, and physical and mental condition must be considered.  See 42 U.S.C. § 404(b); 20 C.F.R. § 404.507.  Determining an individual's fault is "highly subjective, and highly dependent on the interaction between the intentions and state of mind of the claimant and the peculiar circumstances of his situation." Albalos, 907 F.2d at 873 (citing Elliott v. Weinberger, 564 F.2d 1219, 1233 (9th Cir. 1977), aff'd in part and rev'd in part sub nom. Califano v. Yamasaki, 442 U.S. 682, 99 S. Ct. 2545 (1979)). The Commissioner's finding that a recipient was at fault in receiving overpayment must be upheld if supported by substantial evidence.  Albalos, 907 F.2d at 873.

        The ALJ considered, as an indicator of plaintiff's state of mind, the letter dated January 19, 2000 advising plaintiff to not cash any additional checks until a determination could be made regarding continuing entitlement to checks.  The ALJ properly factored this letter into his determination of whether plaintiff was at fault in continuing to accept the disability benefits. AT 22; see 20 C.F.R. § 404.507(c).  The record also indicates that the kind of work and the amount of money plaintiff received for that work did not vary significantly before and after she was advised she had been paid disability benefits for the period of January 1998 through March 2000 to which she was not entitled.  AT 159, 131, 133, 136, 143, 147, 161-162.  Plaintiff is a college graduate with a degree in Clinical Psychology.  AT 184.  Plaintiff testified she was confused regarding the meaning of significant gainful activity and the ALJ credited this testimony in finding plaintiff was not at fault in receiving benefits prior to being advised not to cash any further checks in January 2000.  AT 18-19, 184.  However, plaintiff acknowledged she received the January 2000 letter and understood she had been overpaid but took no steps to ascertain whether she should continue to cash checks received after the January 2000 letter. AT 200-201.

        The ALJ's reasons for finding plaintiff at fault with respect to the period at issue are supported by the record.  Viewing the record as a whole, plaintiff's argument that she was

3

without fault does not pass muster.  Substantial evidence supports the ALJ's conclusion that plaintiff accepted benefit payments she knew, or could have been expected to know, were incorrect, and thus was not without fault.

        The ALJ's decision is fully supported by substantial evidence in the record and based on the proper legal standards.  Accordingly, IT IS HEREBY ORDERED that:

        1. Plaintiff's motion for summary judgment or remand is denied, and

        2. The Commissioner's cross-motion for summary judgment is granted.

DATED:  September 26, 2007.

_____
U.S. MAGISTRATE JUDGE

006
graff.ss